IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 2 5 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| INTERACTIVE COMMUNICATIONS INTERNATIONAL, INC., and PREMIER CARD SOLUTIONS LLC, f/k/a UV COLOR INC., <br><br> Plaintiffs, <br><br> v. <br><br> TRAVEL TAGS INC., <br><br> Defendant. | Civil Action No. <br> 1'09-CV-1720 <br> -JOF |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Interactive Communications International, Inc. ("InComm") and Premier Card Solutions LLC, f/k/a UV Color, Inc. ("UV Color") hereby brings this action for declaratory relief against the above-named Defendant Travel Tags Inc. ("Travel Tags), and allege as follows:

### NATURE OF THE ACTION

1.  Plaintiffs bring this action against Defendant pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific

remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

3. This Court has personal jurisdiction over Defendant because of Defendant's continuous and systematic contacts with Georgia. On information and belief, Defendant and its agents regularly do, transit and solicit business in Georgia, intentionally market and direct its products and services to Georgia, engage in a persistent course of conduct in Georgia or derive substantial revenue from sales in Georgia.

4. Defendant has sufficient minimum contacts with Georgia such that the maintenance of personal jurisdiction does not offend traditional notions of fair play and substantial justice. Defendant also is subject to the personal jurisdiction of this Court.

5. Venue in this Judicial District is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because defendant conducts business in this District and is subject to personal jurisdiction in this District.

## THE PARTIES

6. Plaintiff InComm is a corporation organized and existing under the laws of the State of Florida, having a principal place of business and home office at 250 Williams Street, Suite M-100, Atlanta, GA 30303.

7. Plaintiff UV Color is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2430 Prior Ave. N, Roseville, MN, 55113.

8. Upon information and belief, Defendant Travel Tags is a corporation organized and existing under the laws of the State of Minnesota, having a place of business at 1725 Roe Crest Drive, North Mankato, Minnesota, 56003. On information and belief, Defendant is the owner by assignment of one or more of the patents-in-suit (each defined in Complaint paragraphs 9-11 below).

## THE PATENTS-IN-SUIT

9. On May 1, 2001, the USPTO issued U.S. Patent No. 6,224,108 ("the '108 patent"), entitled "Packaged data card assembly." Brian Klure is the named inventor on the face of the '108 patent. On information and belief, the '108 patent is assigned to Defendant. A copy of the '108 patent is attached hereto as Exhibit 1 and incorporated herein by reference.

10. On December 11, 2001, the United States Patent & Trademark Office ("USPTO") issued U.S. Patent No. 6,328,341 ("the '341 patent"), entitled

3

"Multiple-component data package." Brian Klure is the named inventor on the face of the '341 patent. On information and belief, the '341 patent is assigned to Defendant. A copy of the '341 patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. On August 27, 2002, the USPTO issued U.S. Patent No. 6,439,613 ("the '613 patent"), entitled "Multiple-component data package." Brian Klure is the named inventor on the face of the '613 patent. On information and belief, the '613 patent is assigned to Defendant. A copy of the '613 patent is attached hereto as Exhibit 3 and incorporated herein by reference.

12. On April 6, 2004, the USPTO issued U.S. Patent No. 6,715,795 ("the '795 patent"), entitled "Multiple-component data package." Brian Klure is the named inventor on the face of the '795 patent. On information and belief, the '795 patent is assigned to Defendant. A copy of the '795 patent is attached hereto as Exhibit 4 and incorporated herein by reference.

## FACTUAL BACKGROUND

13. During unsuccessful business discussions between Defendant Travel Tags and Plaintiff InComm, Defendant asserted that Plaintiff UV Color, a vendor of Plaintiff InComm, is infringing Defendant's intellectual property as a result of services it performs for Plaintiff InComm.

14. Plaintiffs have invested substantial resources in their commercial relationship. Any attempts by Defendant to interrupt, prevent or limit this business relationship will cause or are likely to cause Plaintiffs substantial injury and harm.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '108 PATENT

15. The allegations contained in paragraphs 1-15 of this Complaint are incorporated as if fully set forth herein.

16. Plaintiffs deny that they currently infringe, have ever infringed, or will ever infringe, any claim of the '108 patent under any theory of infringement, including direct infringement, indirect infringement, literal infringement, or infringement under the doctrine of equivalents.

17. Accordingly, there exists an immediate, real, and justiciable controversy between Plaintiffs and Defendant Travel Tags with respect to the alleged infringement of the '108 patent.

18. Plaintiffs therefore request a declaratory judgment that Plaintiffs do not infringe, directly or indirectly, any claim of the '108 patent.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '341 PATENT

19. The allegations contained in paragraphs 1-19 of this Complaint are incorporated as if fully set forth herein.

20. Plaintiffs deny that they currently infringe, have ever infringed, or will ever infringe, any claim of the '341 patent under any theory of infringement, including direct infringement, indirect infringement, literal infringement, or infringement under the doctrine of equivalents.

21. Accordingly, there exists an immediate, real, and justiciable controversy between Plaintiffs and Defendant Travel Tags with respect to the alleged infringement of the '341 patent.

22. Plaintiffs therefore request a declaratory judgment that Plaintiffs do not infringe, directly or indirectly, any claim of the '341 patent.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '613 PATENT

23. The allegations contained in paragraphs 1-23 of this Complaint are incorporated as if fully set forth herein.

24. Plaintiffs deny that they currently infringe, have ever infringed, or will ever infringe, any claim of the '613 patent under any theory of infringement, including direct infringement, indirect infringement, literal infringement, or infringement under the doctrine of equivalents.

25. Accordingly, there exists an immediate, real, and justiciable controversy between Plaintiffs and Defendant Travel Tags with respect to the alleged infringement of the '613 patent.

26. Plaintiffs therefore requests a declaratory judgment that Plaintiffs do not infringe, directly or indirectly, any claim of the '613 patent.

## COUNT IV
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '795 PATENT

27. The allegations contained in paragraphs 1-27 of this Complaint are incorporated as if fully set forth herein.

28. Plaintiffs deny that they currently infringe, have ever infringed, or will ever infringe, any claim of the '795 patent under any theory of infringement, including direct infringement, indirect infringement, literal infringement, or infringement under the doctrine of equivalents.

29. Accordingly, there exists an immediate, real, and justiciable controversy between Plaintiffs and Defendant Travel Tags with respect to the alleged infringement of the '795 patent.

30. Plaintiffs therefore requests a declaratory judgment that Plaintiffs do not infringe, directly or indirectly, any claim of the '795 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendant as follows:

1. For an order declaring that Plaintiffs have not infringed, directly or contributorily, any claim of the patents-in-suit, nor have Plaintiffs induced or caused others to infringe any claim of the patents-in-suit.

2. For an order declaring that Defendant and each of its officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with Defendant be restrained and enjoined from further prosecuting or instituting any action against Plaintiffs, claiming that the patents-in-suit are infringed, or from representing that any of Plaintiffs' products or services, or others' use thereof, infringes the patents-in-suit;

4. For an order declaring this case exceptional under 35 U.S.C. § 285 and awarding Plaintiffs their attorney fees and costs in connection with this case;

5. For an order awarding Plaintiffs such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial on all issues.

Dated: June 25, 2009

_____
Robert A. King
Georgia Bar No. 142221
Bradley W. Grout
Georgia Bar No. 313950
HUNTON & WILLIAMS LLP
600 Peachtree Street, NE, Suite 4100
Atlanta, Georgia 30308-2216
Telephone: (404) 888-4000
Facsimile: (404) 888-4190
rking@hunton.com

*Attorneys for Plaintiffs*