# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| INTERACTIVE COMMUNICATIONS INTERNATIONAL, INC., and UV COLOR INC., <br><br> Plaintiffs, <br><br> v. <br><br> TRAVEL TAGS INC., <br><br> Defendant. | Civil Action No. <br><br> 1:09-cv-1720 TWT |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiffs Interactive Communications International, Inc. ("InComm") and UV Color, Inc. ("UV Color") jointly with Defendant Travel Tags Inc. ("Travel Tags), by and through their undersigned counsel and in accordance with Local Rule 16.2, file the following Joint Preliminary Report And Discovery Plan.

## PRELIMINARY STATEMENT

As noted below, earlier on the same day that InComm and UV Color filed this declaratory judgment action, Travel Tags, a Minnesota corporation filed suit against UV Color, a corporation with its principal place of business in Minnesota

(but not InComm, a corporation with its principal place of business in Georgia) in the United States District Court for the District of Minnesota, alleging infringement of three of the four patents-in-suit at issue here. Plaintiffs filed this case after Travel Tags advised InComm that it was planning to file suit against UV Color in Minnesota federal district court. UV Color has filed a motion to dismiss, stay or transfer that case on the grounds that this Court is the proper forum to resolve the patent dispute. Travel Tags in its answer contends that Minnesota is the appropriate forum for resolution of the parties' dispute but declined to file a motion to transfer or dismiss given the pending motion by UV Color in Minnesota. The district court in Minnesota is scheduled to hold a hearing on UV Color's motion on September 1, 2009 at the same time as it considers Travel Tags' motion for a preliminary injunction.

Given the pending motions in Minnesota, the parties respectfully request that all deadlines in this case be temporarily stayed until the Minnesota federal district court rules on the pending motions. In particular, the parties request that all deadlines in this case, including the commencement of discovery, the initial disclosures, the patent infringement and invalidity contentions and other deadlines be reset to be timed from the date an Order is entered on the pending motions in Minnesota rather than the date of Travel Tags' answer or the date of filing this

Preliminary Report and Discovery Plan.

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**

This is an action for declaratory judgment of non-infringement and invalidity of four patents-in-suit, arising under the patent laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. Travel Tags has contended that certain stored-value cards, such as prepaid gift cards, and their packaging infringe U.S. Patent Nos. 6,224,108 ("the '108 patent"), entitled "Packaged data card assembly;" U.S. Patent No. 6,328,341 ("the '341 patent"), entitled "Multiple-component data package;" and U.S. Patent No. 6,439,613 ("the '613 patent"), entitled "Multiple-component data package." Each of the products accused of infringement is produced by UV Color, on behalf of, and according to specifications set by, InComm.

Travel Tags has commenced a first-filed a separate lawsuit pending in the United States District Court for the District of Minnesota alleging patent infringement against UV Color (and not InComm) but has not asserted any counterclaim in this action. UV Color and InComm contend that the "first-filed" rule does not apply under the circumstances of this case.

InComm, as the marketer, distributor and designer of the accused products, contends that it is the real target of Travel Tags' allegations of patent infringement against UV Color. Travel Tags contends that it has properly sued the manufacturer, UV Color, which is its direct competitor and which Travel Tags contends is infringing Travel Tags' patents. InComm and UV Color both seek declaratory judgments that they do not infringe the '108 patent, the '341 patent, and the '613 patent, and they further assert that each of those patents-in-suit is invalid.

Travel Tags also owns by assignment U.S. Patent No. 6,715,795 ("the '795 patent"), entitled "Multiple-component data package." Although Travel Tags has not sued for infringement of the '795 patent, InComm and UV Color contend that the '795 patent claims technology similar to the '108 patent, the '341 patent, and the '613 patent. Accordingly, Plaintiffs seek a further declaratory judgment that they do not infringe the '795 patent and that the '795 patent is invalid.

Travel Tags denies that Plaintiffs are entitled to the requested declaratory relief and further contends that all issues relating to infringement of its patents must be resolved by the United States District Court in the District of Minnesota. Travel Tags further contends that InComm does not have standing to pursue this action. Travel Tags' pleadings may assert counterclaims in this case pending the outcome of the

ruling by the federal district court in Minnesota on Defendant UV Color's motion to dismiss or transfer. InComm and UV Color will evaluate any motion to amend to assert counterclaims in due course.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff InComm is one of the nation's largest providers of stored-value cards such as prepaid gift cards. Both UV Color and Travel Tags are among several "certified" vendors that InComm and its third-party partners use to produce the physical cards and packaging that InComm markets and sells to retailers across the country. The relevant types of cards and packages at issue in this dispute are known as "Wrap Products" because the packaging fully encases or wraps around the physical stored-value card, as opposed to other types of products where the card is merely stuck or otherwise affixed to the package or a backing so that most of the card itself is exposed.

Travel Tags contends that the patents-in-suit claim a certain type of card and package system for Wrap Products utilizing an account verification feature. This feature consists of certain account verification indicia (generally numbers or alpha-numeric strings) that are associated with the prepaid account. The first account verification indicia is present on the stored-value card itself and visible through an aperture in the package. The second account verification indicia is contained on

the package to verify that the package is also correlated with the same account as the card. Travel Tags contends that it, through its Western Graphics & Data division, manufactures and sells such Wrap Products embodying the account verification features claimed by the patents-in-suit.

Both Travel Tags and UV Color have manufactured Wrap Products for or on behalf of InComm and InComm's third-party partners (the entities providing services embodied by the prepaid gift cards). As such, Travel Tags and UV Color are competitors, including for InComm's business. Both Travel Tags and UV Color manufacture such Wrap Products for InComm in accordance with specifications set by InComm, pursuant to an agreement with InComm.

Travel Tags contends that certain Wrap Products that UV Color produces for or on behalf of InComm and InComm's third-party partners infringe at least three of the four patents-in-suit. Travel Tags has filed a separate lawsuit in Minnesota against UV Color alleging infringement of the '108, '341, and '613 patents. InComm is not a party to that action, though InComm believes it is the real target of any such patent infringement dispute between UV Color and Travel Tags relating to products produced for or on behalf of InComm. Because InComm and UV Color believe the '795 patent claims technology so similar to the other patents-in-suit, they included it in this action, along with the '108, '341, and '613 patents.

InComm and UV Color seek declaratory judgments that they do not infringe any of the patents-in-suit, and that all of the patents-in-suit are invalid. Travel Tags denies that InComm has standing to assert counts for declaratory judgment on the basis that Travel Tags assured InComm that Travel Tags did not intend to seek relief against InComm. Travel Tags also denies that either Plaintiff is entitled to the requested declaratory relief. To date, Travel Tags has not asserted any counterclaims although it may do so pending rulings by the federal district court in Minnesota.

Plaintiffs and Defendant each seek costs and attorneys' fees from the other party.

> **(c)** **The legal and/or factual issues to be tried are as follows:**
>
> 1. Whether this Court is the appropriate forum for resolution of this dispute.
>
> 2. Whether InComm and UV Color are entitled to declaratory relief of non-infringement.
>
> 3. Whether InComm and UV Color are entitled to declaratory relief that the patent-in-suits are invalid.
>
> 4. Whether any party to this action should recover attorney's fees and/or costs of this action.

**(d) The cases listed below (include both style and action number) are related:**

None in this Court. Defendant Travel Tags has filed a separate action alleging infringement of the '108 patent, the '341 patent, and the '613 patent. That lawsuit, styled *Travel Tags, Inc. v. UV Color, Inc.*, No. 0:09-cv-01619-JRT-AJB, is pending in the United States District Court for the District of Minnesota. A motion to dismiss, stay or transfer that case and a motion by Travel Tags for a preliminary injunction are currently pending and scheduled for a hearing on September 1, 2009. The Minnesota federal district court has asked that it be advised of any substantive developments occurring in this case prior to the September 1 hearing.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

|     |      |                                                          |
|-----|------|----------------------------------------------------------|
| ___ | (1)  | Unusually large number of parties                        |
| ___ | (2)  | Unusually large number of claims or defenses             |
| ___ | (3)  | Factual issues are exceptionally complex                 |
| ___ | (4)  | Greater than normal volume of evidence                   |
| ___ | (5)  | Extended discovery period is needed                      |
| ___ | (6)  | Problems locating or preserving evidence                 |
| ___ | (7)  | Pending parallel investigations or action by government  |
| _X_ | (8)  | Multiple use of experts                                  |
| ___ | (9)  | Need for discovery outside United States boundaries      |
| _X_ | (10) | Existence of highly technical issues and proof           |

## 3. Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiffs:                Maya M. Eckstein
                                  Hunton & Williams, LLP
                                  Richmond, Virginia

                                  Bradley W. Grout
                                  Hunton & Williams, LLP
                                  Atlanta, Georgia

    Defendant:               Donald A. Loft
                                  Miller & Martin, LLP
                                  Atlanta, Georgia

## 4. Jurisdiction:

Is there any question regarding this Court's jurisdiction?

                ___x___ Yes                _____ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

    See Attachment A

## 5. Parties To This Action:

**(a) The following persons are necessary parties who have not been joined:**

None.

**(b)** **The following persons are improperly joined as parties:**

Due to a recent transaction, Plaintiffs incorrectly identified UV Color, Inc. in the original Complaint as Premier Card Solutions LLC (f/k/a UV Color, Inc.). UV Color, Inc., however, remains a separate entity from Premier Card Solutions LLC, so UV Color, Inc. is the correct party plaintiff. Premier Card Solutions LLC is not the correct party to be the named Plaintiff.

**(c)** **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

<u>See</u> answer to subsection (b) above..

**(d)** **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.** **Amendments To The Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)** **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

Plaintiffs anticipate filing a First Amended Complaint, with the express consent of Defendant, to add counts for declaratory judgment of invalidity of each of the patents-in-suit. Plaintiffs anticipate filing the First Amended Complaint when the District of Minnesota decides the pending motion to transfer or dismiss.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

**(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.**

**(b) *Summary Judgment Motions*: within twenty (20) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.**

**(c) *Other Limited Motions*: refer to Local Rules 7.2, 7.2B and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d) *Motions Objecting To Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties request that they not be required to serve their initial disclosures until after the Minnesota Court rules on the pending motion to dismiss, stay or transfer the related case identified previously.

**9.      Request For Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

No, though the parties might request a scheduling conference depending on the Minnesota Court's ruling on the pending motion to dismiss, stay or transfer that related case.

**10.     Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The following is a non-exhaustive list of the issues on which the parties anticipate that discovery will be needed:

> 1.  The proper construction of the relevant claims in the patents-in-suit;

2. The identification, components, usage, properties, advertising, marketing, promotion and sales of Defendant's Wrap Products and other related products allegedly related to the patents-in-suit;

3. The identification, components, usage, properties, advertising, marketing, promotion and sales of Plaintiffs' Wrap Products;

4. Facts relating to the alleged invalidity of the patents-in-suit, including prior art;

5. Facts relating to the alleged infringement of the patents-in-suit; and

6. Facts relating to UV Color's knowledge and alleged willful infringement of the patents-in-suit.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties request that the discovery period and all other deadlines be temporarily stayed until the Minnesota court rules on the pending motion to dismiss, stay or transfer the related case.

In addition, this is a patent infringement case and the Patent Local Rules of this Court shall apply to various disclosures and timing of discovery described therein.

**11.	Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

None at this time.

**12.	Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties have negotiated and agreed to the material terms of a proposed Confidentiality and Protective Order, which they will submit to the Court promptly following a ruling by the Minnesota Court on the pending motion to dismiss, stay or transfer the related case.

**13.	Settlement Potential:**

>   **(a)	Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For plaintiff:	Lead counsel (signature):

 /s/ Bradley W. Grout
Bradley W. Grout

For defendant:	Lead counsel (signature):

 /s/
Donald A. Loft

Other participants:

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(\_\_\_\_) A possibility of settlement before discovery.
( X ) A possibility of settlement after discovery.
(\_\_\_\_) A possibility of settlement, but a conference with the judge is needed.
(\_\_\_\_) No possibility of settlement.

**(c) Counsel (\_) do or (X) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

None.

**14. Trial By Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

**(a) The parties (\_\_\_\_\_) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this _____ day of _____, 2003.**

**(b) The parties (\_\_\_\_\_X\_\_\_\_) do not consent to having this case tried before a magistrate judge of this Court.**

SO ORDERED.

This ___ date of _____, 2009.

_____

Thomas W. Thrash, Jr.
United States District Judge

Jointly submitted, this 14th day of August, 2009.

| | |
|---|---|
| /s/ Bradley W. Grout<br>Bradley W. Grout<br>Georgia Bar No. 313950<br>Robert A. King<br>Georgia Bar No. 142221<br>HUNTON & WILLIAMS LLP<br>600 Peachtree Street, NE, Suite 4100<br>Atlanta, Georgia 30308-2216<br>Telephone: (404) 888-4000<br>Facsimile: (404) 888-4190<br>*bgrout@hunton.com*<br><br>Maya M. Eckstein<br>HUNTON & WILLIAMS LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, Virginia 23219-4074<br>(804) 788-8200<br>(804) 788-8218 Fax<br>*meckstein@hunton.com*<br><br>*Attorneys for Plaintiffs* | /s/ Donald A. Loft<br>Donald A. Loft<br>Georgia Bar No. 455706<br>MORRIS MANNING & MARTIN<br>1600 Atlanta Financial Center<br>3343 Peachtree Road, NE<br>Atlanta, GA 30326-1044<br>Telephone: 404-233-7000<br>Facsimile: 404-365-9532<br>*dloft@mmmlaw.com*<br><br>William Z. Pentelovitch<br>Alain M. Baudry<br>MASLON EDELMAN BORMAN<br>& BRAND, LLP<br>3300 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402<br>Telephone: 612-672-8344<br>Facsimile: 612-642-8344<br>*alain.baudry@maslon.com*<br><br>*Attorneys for Defendant* |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day, the foregoing **Joint Preliminary Report and Discovery Plan** was electronically filed with the Clerk of Court using the CM/ECF filing system which will automatically send notification of such filing to the following attorneys of record:

>Donald A. Loft
>Morris, Manning & Martin
>
>Alain M. Baudry
>Maslon Edelman Borman & Brand

This 14th day of August, 2009

>/s/ Bradley W. Grout
>Bradley W. Grout
>Georgia Bar No. 313950

**Attachment A**

Travel Tags contends as follows:

Minnesota, not Georgia, should be the appropriate forum to resolve the issues raised in the current suit. That is the case both because Travel Tags is a Minnesota resident, and has a first-filed action in Minnesota involving the same patents in suit, against U.V. Color, a Minnesota Defendant. In addition, since both Travel Tags and U.V. Color have their principal place of business in Minnesota, the majority of witnesses are either located in Minnesota or Minnesota is a more convenient than Georgia as a trial forum. That is particularly appropriate given the wastefulness inherent in dual lawsuits, the fact that the Minnesota Court is entertaining substantive motions on the dispute and the fact that InComm is free to intervene in the Minnesota Action if it feels the need to do so, and is represented by the same counsel representing U.V. Color in the Minnesota action.


InComm and UV Color respond as follows:

This Court, and not the District of Minnesota, is the most appropriate forum. There is no question that personal jurisdiction and venue are present; indeed, Travel Tags has not filed a motion to dismiss for lack of either personal jurisdiction and venue here. InComm and UV Color contend that InComm, with a principle place of business in Atlanta, Georgia, is the real target of Travel Tags' infringement allegations. InComm specifies the production of all of the Wrap Products at issue, including in accordance with InComm's U.S. Patent No. 5,777,305. Those specifications originate in Georgia, and the relevant InComm witnesses and documents are located in Georgia. The first-filed rule is not applicable here, and the convenience factors under 28 U.S.C. § 1404 favor Georgia over Minnesota. Moreover, this lawsuit in Georgia involves an additional patent-in-suit that is not at issue in the Minnesota action.